THE ATTORNEY-GENERAL v. JAMES J. FOX.

Submitted December 1, 1904—Decided February 27, 1905.

1. An information in the nature of a *quo warranto*, which challenges the validity of the title of the incumbent of an office, upon the ground that the statute which created the office is unconstitutional, must set forth the facts which make the act void.
2. An allegation that a statute is unconstitutional, without more, is not a statement of a fact, but an inference of law.

---

On *quo warranto*. Demurrer to information.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and REED.

For the demurrant, *William D. Edwards.*

*Contra, Robert H. McCarter,* attorney-general.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The information challenges the right of the defendant, Fox, to hold the position of detective on the police force of the city of Hoboken. It alleges that the defendant pretends and claims to hold his office by virtue of an appointment made by the board of police commissioners of Hoboken, under the authority of an act of the legislature entitled "An act to enable cities of this state to increase the number of the police force," approved February 16th, 1891, and of an amendment to that act approved March 22d, 1901, and then sets out that these two acts are unconstitutional, and charges that the appointment of the defendant is therefore null and void.

The body of the act of 1891 consists of two sections. The first provides "that it shall and may be lawful for any city in this state, in which the police force is controlled by the mayor and a board of police commissioners appointed by him, to increase the said police force to the number of seventy men, exclusive of superior officers." The second is a general repealer of inconsistent legislation. The amendment increases the maximum of the police force from seventy to eighty men.

The alleged defect in the legislation is not specified in the information itself. Upon the argument, however, the contention was that the act, and its amendment, are special, and therefore unconstitutional, because they are not applicable to every city of the state in which a police force exists, but only to those cities in which the police force is controlled in a particular manner. But, in our view, the question argued by counsel is not presented by the record before us. As was said by this court, in *Van Riper* v. *Parsons,* 11 *Vroom* 11, the information shows that the defendant is clothed with office by force of an appointment duly made in accordance with the provision of an act of the legislature, and as under

such circumstances the validity of such act will be strongly implied, the facts necessary to vacate it must be set forth in a direct and traversable form. An allegation that a statute is unconstitutional is not a statement of a fact, but a naked inference of law.

As the pleadings stand at present, the demurrer must be sustained.